**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Richardson,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-20-08235-PCT-GMS<br><br>**ORDER** |

At issue is the Commissioner of Social Security's denial of Plaintiff Kelly Richardson's ("Plaintiff") application for disability insurance benefits. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial. For the following reasons, the Court affirms the Administrative Law Judge's ("ALJ") decision (Doc. 23-3 at 32–41), as upheld by the Appeals Council, (Doc. 23-3 at 10–15.)

**BACKGROUND**

Plaintiff filed an Application for Disability Insurance benefits in January 2017 for a period of disability beginning November 1, 2008. His claim was denied initially in March 2017 and upon reconsideration in June 2017. Plaintiff requested a hearing before an ALJ, where he amended his onset date of disability to December 31, 2013. (Doc. 23-2 at 32). On September 9, 2019, the ALJ rendered an unfavorable decision denying Plaintiff's claim. In May 2020, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the agency's final decision. (Doc. 23-3 at 10).

Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: morbid obesity, hypertension, and hypothyroidism (Doc. 23-3 at 35). Ultimately, the ALJ concluded that Plaintiff was not disabled from the alleged disability onset date through the date of the decision (Doc. 23-3 at 41). The ALJ found that Plaintiff could still perform sedentary work, including his past relevant work as a user support agent (Doc. 23-3 at 40). Therefore, the ALJ denied his claim.

## DISCUSSION

### I. Legal Standard

Because the severity of an impairment may be greater than what can be shown by objective medical evidence alone, the ALJ considers a claimant's subjective testimony regarding pain and symptoms. 20 C.F.R. § 404.1529(c)(3); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The claimant, however, must still show objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(a). Although such evidence is required to show the existence of an underlying impairment, "the [ALJ] may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). Nevertheless, the ALJ evaluates the testimony in relation to the objective medical evidence and other evidence in determining the extent to which the pain or symptoms affect her capacity to perform basic work activities. 20 C.F.R. § 404.1529(c)(4).

### II. Analysis

At the administrative hearing, Plaintiff and his wife testified that due to his disabilities, Plaintiff needs assistance taking care of himself in the bathroom, including for bowel movements and showering. (Doc. 24 at 5.) Despite this testimony, the ALJ opined that Plaintiff's "subjective complaints were not fully consistent with the evidence[,] and the objective medical evidence [did] not support the alleged severity of symptoms." (Doc. 23-3 at 39.) Plaintiff argues that (1) the ALJ failed to specifically reject his testimony about

needing assistance in the bathroom; and (2) even if the ALJ did specifically reject this testimony, she failed to provide adequate reasoning for doing so.[1]

### A. The ALJ Specifically Rejected Plaintiff's Testimony

Plaintiff first argues that the ALJ erred by not specifically rejecting Plaintiff's testimony about needing assistance in the bathroom.  General findings pertaining to a claimant's credibility are not sufficient to support rejecting his testimony. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  Rather, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).  In doing so, the ALJ need not engage in "extensive" analysis but should, at the very least "provide some reasoning in order for [a reviewing court] to meaningfully determine whether [the ALJ's] conclusions were supported by substantial evidence." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).

Here, the ALJ's decision begins by reviewing Plaintiff's and his wife's testimony—which included the testimony at issue—and by concluding that Plaintiff's statements "concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical evidence."  (Doc. 23-3 at 37.)  The ALJ then specifically rejects Plaintiff's testimony regarding the "severity of symptoms" caused by his "morbid obesity."  (Doc. 23-3 at 37.)   That sentence is followed by two paragraphs of support. (Doc. 23-3 at 38.)  The statement recounting Plaintiff's issues in the bathroom—which is closely followed by a rejection of his symptom testimony altogether—is sufficiently specific.  The ALJ need not provide "extensive" analysis—only enough for a court to discern what testimony is being rejected.  Clearly, a recounting of testimony followed by a rejection of that testimony is sufficient to meet this standard.  This is especially true, where, as here, there is no evidence that Plaintiff discussed this specific

---

[1] Although Plaintiff did not raise these issues during the administrative hearing, his failure to do so does not preclude him from raising them on appeal. *Milne v. Berryhill*, No. 5:17–cv–01042–SHK, 2018 WL 3197749, at *5–6 (June 27, 2018 C.D. Cal.) (reviewing Ninth Circuit precedent regarding waiver); *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) (narrowly holding that forfeiture applies when claimants fail to challenge vocational experts' job estimates during the administrative hearing).

problem as causing difficulties with any of his medical providers prior to the date he was last insured. (Doc. 23-3 at 39.) The ALJ, therefore, sufficiently rejected Plaintiff's specific testimony relating to the hygiene difficulties caused by his obesity.

### B. Specific, Clear, and Convincing Reasons

Plaintiff next argues that the ALJ did not provide "specific, clear, and convincing reasons" to reject his testimony. Unless there is evidence of malingering by the claimant, the ALJ may only reject symptom testimony for reasons that are specific, clear, and convincing. *Burch*, 400 F.3d at 680. In evaluating the credibility of a claimant's testimony, the ALJ may consider the claimant's "reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *see* 20 C.F.R. § 404.1529(c)(4).

No evidence of malingering exists in the record; therefore, the ALJ must provide "specific, clear, and convincing" reasons to reject Plaintiff's testimony. The ALJ points to three reasons to discredit Plaintiff's testimony: (1) objective medical findings; (2) gaps in medical treatment; and (3) history of effective treatment. The Court considers each in turn.

First, the ALJ observed that Plaintiff did not "generally receive[ ] the type of medical treatment one would expect for a totally disabled individual." (Doc. 23-3 at 38.) The records indicated that although Plaintiff's "[thyroid-stimulating hormone] level was low, . . . his free T4 level was normal,"[2] and he was asymptomatic. (Doc. 23-3 at 38.) Moreover, his physical examinations "were unremarkable," and Plaintiff "appeared in no acute distress and exhibited a normal gait." (Doc. 23-3 at 38.) Plaintiff argues that he should not have been discredited for failing to pursue other treatment options; however, the ALJ's principal point was not Plaintiff's failure to seek treatment but that Plaintiff's condition, as based on the medical findings above, did not merit the more extreme

---

[2] "T4," or thyroxine, is a hormone produced by the thyroid gland. *T4 (thyroxine) Test*, UCLA Health, https://www.uclahealth.org/endocrine-center/t4-thyroxine-test (last visited Aug. 31, 2021).

- 4 -

treatments one would expect out of a "totally disabled individual." (Doc. 23-3 at 38.) Plaintiff's medical issues were largely asymptomatic, and Plaintiff did not appear in distress. This is a sufficient reason to support the ALJ's credibility determination.

Second, the ALJ noted "significant gaps" in Plaintiff's history of treatment. The ALJ emphasized one particular instance in which Plaintiff failed to follow up on an abnormal thyroid function test result until over a year later. (Doc. 23-3 at 38.) The ALJ characterized this failure as evidence that Plaintiff was unwilling "to do what [was] necessary to improve his condition" and "an indication that his symptoms [were] not as severe as he purport[ed]." (Doc. 23-3 at 38.) Although this testimony does not directly relate to Plaintiff's obesity (Doc. 24 at 8), it does relate to his credibility. Plaintiff testified that his thyroid condition caused him issues at his former job, including paranoia, difficulty getting along with coworkers, and extreme fatigue and sleepiness. (Doc. 23-3 at 61–62.) It was reasonable for the ALJ to conclude that a person suffering from such "persistent and disabling symptoms" would not fail to seek treatment "because [he] got too busy." (Doc. 23-3 at 38.) Therefore, this reason supports an adverse finding as to Plaintiff's credibility.

Third, the ALJ determined that after receiving a total thyroidectomy in July 2017, Plaintiff's treatment was "generally routine," "conservative," and "generally effective." (Doc. 23-3 at 38.) His hypertension was "controlled with prescribed medication and herbal tea." (Doc. 23-3 at 38.) Moreover, the results of Plaintiff's physical examinations were "generally normal," demonstrated that Plaintiff had a normal gait, and that Plaintiff was "generally 'doing well' with an 'excellent prognosis moving forward.'" (Doc. 23-3 at 38.) These findings undermine Plaintiff's testimony that he was unable to wipe or shower without assistance: Plaintiff was responding well to treatment and performed "generally well" on physical examinations. Therefore, this reason supports the ALJ's decision.

## CONCLUSION

Because the ALJ provided specific, clear, and convincing reasons to support rejecting Plaintiff's testimony, the Court finds no error, and Plaintiff's appeal is denied.

**IT IS THEREFORE ORDERED** affirming the September 9, 2019 decision of the Administrative Law Judge Kathleen Mucerino, as upheld by the Appeals Council on May 29, 2020.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 24th day of September, 2021.

*[signature]*
G. Murray Snow
Chief United States District Judge